# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-556-RJC
# (3:14-cr-219-RJC-1)

| | |
|---|---|
| **CHARLES JOSIAH CHAMBERS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Pro se Petitioner Charles Josiah Chambers conspired with Thanh Lien Bui and James Richard Lumsden to purchase vehicles from a confidential informant ("CI") using drug proceeds. (Crim. Case No. 3:14cr219, Doc. No. 2 at ¶ 1: Factual Basis). Petitioner bought a $25,000 Jaguar from the CI using cash from drug proceeds that he provided to the CI in amounts under $10,000. (Id. at ¶ 2). Petitioner, Bui, and Lumsden were also involved in obtaining the underlying proceeds through drug trafficking. See (Crim. Case No. 3:14cr152, Doc. No. 16: PSR). The CI made numerous recordings with each of the conspirators in which they discussed their past and future drug dealings. (Crim. Case No. 3:14cr219, Doc. No. 2 at ¶ 1). Petitioner told the CI that he was buying kilograms of cocaine for $26,000 per kilogram, and he attempted to recruit the CI to buy drugs from him. (Id. at ¶¶ 3-4).

1

While Petitioner and the CI were discussing dealing drugs together, Petitioner also offered to obtain firearms for the CI. (Id. at ¶ 4). Despite the fact that the CI told Petitioner that he was a convicted felon, Petitioner sold the CI two firearms—a Glock 10mm handgun and a .40 caliber Smith & Wesson handgun. (Id.). When law enforcement officers arrested Petitioner in September 2014, they found 15 grams of marijuana in his vehicle and 18 grams of marijuana, a vacuum sealer, plastic bags, scales, and a handgun at his home. (Id. at ¶ 5).

Petitioner, Bui, and Lumsden were indicted for these activities. (Crim. Case No. 3:14-cr-152, Doc. No. 3). Petitioner was charged in a superseding bill of indictment with conspiracy to possess with intent to distribute cocaine, heroin, and marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C), (D), 846; six counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); sale of a firearm to a convicted felon in violation of 18 U.S.C. §§ 922(d), 924(a)(2); and possession of a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c). (Id., Doc. No. 16). However, Petitioner reached a deal with the Government, waived indictment, and was charged in a separate, two-count Bill of Information with money laundering involving the proceeds of drug-trafficking activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count One), and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c). (Crim. Case No. 3:14cr219, Doc. No. 1: Bill of Information).

Petitioner agreed to plead guilty to the charges in the Bill of Information and, as part of his plea agreement, the Government agreed to dismiss the indictment against Petitioner in Case No. 3:14cr152. (Crim. Case No. 3:14cr219, Doc. No. 3 at ¶ 2: Plea Agrmt.). The parties made a joint recommendation to the Court that the amount of drug proceeds that Petitioner knowingly laundered was $20,150; his base offense level was 12; a six-level increase applied because he

knew that he laundered funds that were intended to promote a drug-trafficking offense; and a two-level increase applied because his offense was under Section 1956. (Id. at ¶ 7). The Government also agreed that Petitioner's plea was timely for purposes of acceptance of responsibility and that the Government would not oppose a sentence at the bottom of the guidelines range. (Id.).

At the plea hearing, Petitioner testified that he understood the charges against him, as well as the plea agreement, and that he was guilty of the charges. (Id., Doc. No. 7: Acceptance and Entry of Guilty Plea). He stated that he had read and understood the factual basis and agreed to the facts it set forth. (Id.). According to Petitioner, no one had threatened, intimidated, or forced him to plead guilty, he had received sufficient time to discuss any potential defenses with his attorney, and he was satisfied with his attorney's services. (Id.). The magistrate judge accepted Petitioner's plea, finding that it was knowingly and voluntarily made. (Id.).

The probation officer prepared a PSR and recommended, in accordance with the recommendation in the plea agreement, that Petitioner be sentenced at offense level 17. (Id., Doc. No. 17 at ¶¶ 17-19, 25-27: PSR). The probation officer found that Petitioner had a criminal history category of II. (Id. at ¶ 34). Based on these calculations, the advisory guidelines range was 27 to 33 months of imprisonment on Count One, and a consecutive mandatory minimum sentence of at least five years of imprisonment on Count Two. (Id. at ¶¶ 50-51).

At sentencing, this Court overruled Petitioner's motion for a downward departure based on the overrepresentation of his criminal history and adopted the PSR. (Id., Doc. No. 23: Statement of Reasons). However, the Court granted Petitioner a downward departure for substantial assistance and sentenced him to one month of imprisonment for Count One, and the

3

mandatory minimum consecutive term of five years of imprisonment as to Count Two. (Id., Doc. No. 22: Judgment).

Petitioner did not appeal, but timely filed the present motion to vacate in July 2016, contending as his sole claim that his counsel "intentionally misinformed" Petitioner in order to coerce him into pleading guilty.

**II.    STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell,

506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

In his sole claim in support of the motion to vacate, Petitioner contends that counsel coerced him to plead guilty or provided ineffective assistance by recommending that he plead guilty to a crime that he did not commit and that the Government could not prove. (Doc. No. 1 at 4; Doc. No. 1-1). Petitioner asserts that counsel advised him that if he did not plead guilty to the money laundering and Section 924(c) counts, the Government would bring him to trial, and he would be sentenced to 20 years of imprisonment. (Doc. No. 1 at 4). Petitioner contends that counsel misadvised him that he was guilty of the Section 924(c) offense merely because Petitioner sold the CI, whom he knew was a felon, a gun, and the two men spoke about drugs. (Id.). Petitioner

5

speculates that if he had taken his case to trial, he would have been acquitted of the Section 924(c) charge. (Doc. No. 1-1).

The Court first finds that Petitioner's contention that he was coerced into pleading guilty is contradicted by his testimony at the plea hearing that no one had threatened, intimidated, or forced him to plead guilty, that he was guilty of the offenses, and that he was satisfied with his attorney's services. (Crim. Case No. 3:14-cr-219, Doc. No. 7). He has not shown extraordinary circumstances to overcome this testimony, and, therefore, this claim will be dismissed. See Lemaster, 403 F.3d at 221-22.

The Court further finds that, even if Petitioner could establish extraordinary circumstances, he still cannot show deficient performance or prejudice. The evidence from the factual basis shows that Petitioner had discussed dealing drugs with the CI and had sold the CI firearms. These actions were taken during the course of Petitioner's conspiracy with Bui and Lumsden to distribute drugs and during his attempt to recruit the CI into this enterprise. This is sufficient to establish a violation of Section 924(c). See United States v. McKenzie, 983 F.3d 1058, at *3 (4th Cir. 1993) (unpublished) (holding attempts to recruit someone to further a conspiracy are acts taken within the scope of the conspiracy). Moreover, when Petitioner was arrested, marijuana and a handgun, along with other evidence of drug trafficking, were found at his home. See (Crim. Case No. 3:14-cr-219, Doc. No. 2 at ¶ 5). This also showed a violation of Section 924(c). See United States v. Moore, 769 F.3d 264, 270 (4th Cir. 2014) (affirming conviction where firearms, drugs, and other evidence of drug distribution were found at defendant's home).

Finally, even if Petitioner could show that his conduct did not violate Section 924(c), he cannot establish that his attorney's advice to plead guilty to this charge was deficient. By

pleading guilty to this charge, Petitioner was able to obtain a plea agreement that dismissed a drug conspiracy charge, an additional five counts of money laundering, and a charge for selling a firearm to a convicted felon.  Additionally, Petitioner's plea agreement significantly benefited Petitioner by limiting the amount of drug proceeds for which he was responsible and giving him a three-level reduction for acceptance of responsibility.  By pleading guilty and providing substantial assistance, Petitioner also obtained a 26-month reduction in his sentence.  See (Crim. Case No. 3:14-cr-219, Doc. No. 23).  Thus, his total sentence of 61 months was well below the 20-year sentence that he could have received on Count One, or the life sentence that he could have received on Count Two, not to mention the lengthy sentences he might have received on the counts that were dismissed.  Given the benefits of pleading guilty, Petitioner cannot show that his attorney's recommendation fell below an objective standard of reasonableness.  See Strickland, 466 U.S. at 687-88.

Petitioner also cannot establish prejudice from his guilty plea.  Although Petitioner contends that he would have been acquitted if he had proceeded to trial on the Section 924(c) charge, he offers no evidence to support this contention, and, as noted, it is belied by the record. See (Crim. Case No. 3:14-cr-219, Doc. No. 2).  Additionally, he has not met his burden to show that proceeding to trial would have been objectively reasonable.  See Fugit, 703 F.3d at 260.  If he had proceeded to trial, it would not have been solely on the Section 924(c) count, as he also would have had to defend against all of the charges originally lodged against him, and he would have faced a significantly higher sentence.

In sum, because Petitioner cannot overcome the sworn testimony he gave during his plea hearing and because he cannot show either deficient performance or prejudice, his motion to vacate is denied and dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 19, 2016

Robert J. Conrad, Jr.
United States District Judge